IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHEILA K. KESSLER,<br><br>          Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>          Defendant. | CV 16-140-BLG-TJC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Plaintiff Sheila K. Kessler ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), in which the Commissioner denied her application for benefits under Title II of the Social Security Act. (Doc. 2.) Presently before the Court is the Commissioner's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that it is untimely. (Doc. 10.) Plaintiff has filed an opposition. (Doc. 13). The Commissioner did not file a reply, and the time for doing so has expired. Therefore, the motion is fully briefed and ripe for the Court's review. Having considered the parties' submissions, the Court finds the Commissioner's motion should be **DENIED**.

## I. FACTUAL BACKGROUND

On April 5, 2013, Plaintiff applied for Social Security Disability Insurance under Title II of the Social Security Act. (Doc. 2 at ¶ 5.) Plaintiff's application was denied, and she appealed through the administrative process. (*Id.*) On January 30, 2015, following a hearing, an Administrative Law Judge (ALJ) issued a written decision denying Plaintiff's claim. (*Id.* at ¶¶ 6-7.)

On June 21, 2015, the Appeals Council sent Plaintiff notice that her request for review of the ALJ's decision was denied. (*Id.* at ¶ 8; Docs. 11-1 at ¶ 3(a); 11-3.) The notice informed Plaintiff that she had 60 days to file a civil action to seek review of the ALJ's decision. (Docs. 11-1 at ¶ 3(a); 11-3.) The notice also informed Plaintiff that the 60 days started the day after she received the letter. (Doc. 11-3.)

On September 8, 2016, Plaintiff filed her Complaint in this Court. (Doc. 2.) The Commissioner now moves to dismiss the Complaint as untimely. (Doc. 10.)

## II. DISCUSSION

### A. Timeliness of the Complaint

Pursuant to 42 U.S.C. § 405(g), an individual who has been denied benefits under the Social Security Act has 60 days to seek judicial review of the Commissioner's decision in federal court. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the

> amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Under the Social Security Administration's regulations, the 60-day period begins when the claimant receives the notice, which is presumed to be 5 days after the date the notice is mailed, unless the claimant shows the Appeals Council otherwise. 20 C.F.R. § 422.210(c). The regulations further provide that the 60-day time period can be extended by the Appeals Council upon a showing of good cause. 20 C.F.R. § 404.982. Circumstances where good cause may exist include serious illness or "unusual or unavoidable circumstances . . . which prevented you from filing timely." 20 C.F.R. § 404.911(b).

Here, the Appeals Council notice was dated June 21, 2016. (Doc. 11-3.) Plaintiff is presumed to have received the notice 5 days later, on June 26, 2016. 20 C.F.R. § 404.982. It is undisputed that Plaintiff received the notice. Therefore, Plaintiff had until August 25, 2016 to timely file her Complaint.

The Complaint was filed on September 8, 2016, 14 days after the statutory period had run. (Doc. 2.) Plaintiff did not request an extension of time to file the Complaint from the Appeals Council. (Doc. 11-1 at ¶ 3(b).) Therefore, the Court finds Plaintiff's Complaint is untimely.

/ / /

B. <u>Equitable Tolling</u>

The United States Supreme Court has held that the 60-day time limitation set forth in §405(g) "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The Supreme Court further held that the limitations period is subject to equitable tolling. *Id.* at 479-480. In so holding, the Court recognized that Section 405(g) "is contained in a statute that Congress designed to be 'unusually protective' of claimants." *Id.* at 479, quoting *Heckler v. Day*, 467 U.S. 104, 106 (1984). Under the doctrine of equitable tolling, a claimant may be allowed to file a civil action after the 60-day period has elapsed in "the rare case" where fairness requires it. *Bowen.* 476 U.S. at 481.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts have recognized that equitable tolling may be available when counsel is incapacitate due to illness. *See e.g. Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1179-1180 (6th Cir. 1995) (remanding for determination of whether equitable tolling was appropriate based on counsel's mental incapacity); *Fortner v. Colvin*, 2013 WL 6045721, *2 (S.D. W.Va. Nov. 13, 2013) (finding counsel's illness was an extraordinary circumstance warranting

equitable tolling in a social security case where the complaint was filed after the 60-day period).

Here, Plaintiff contends the Complaint was filed 14 days late due to her counsel's hospitalization, three surgeries, and admittance to a rehabilitation facility, as well as his mental limitations during that time due to anesthetics and pain medication. (Doc. 13-1.) This does not appear to be a case of garden variety attorney negligence. *Compare Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998) (holding negligence is not a basis for equitable tolling). Rather, the late filing was attributable to unforeseen circumstances concerning counsel's health.

The Court notes that Counsel was hospitalized shortly before the expiration of the 60-day limitations period, and the Complaint was filed only 8 days after counsel was transferred to a rehabilitation facility. (Doc. 13-1 at ¶¶ 2-3.) In the interim, counsel underwent three surgeries and states he was very confused due to the medications he was taking. (*Id.*) Given the circumstances, it appears counsel filed the Complaint as soon as he was able. Thus, there is no indication Plaintiff or her counsel were not pursuing her rights diligently. It appears that Plaintiff timely pursued her claim through the administrative process. Presumably, were it not for counsel's illness, the Complaint would have similarly been timely filed. Moreover, the Commissioner has not made a showing that the government was prejudiced by the 14-day delay. Accordingly, the Court finds equitable tolling is

warranted because Plaintiff was unable to timely file her complaint "as a result of external circumstances beyond [her] direct control." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013).

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Commissioner's Motion to Dismiss is **DENIED**. The Commissioner is directed to file an Answer and the Administrative Record within 14 days of the date of this order.

**IT IS ORDERED**.

DATED this 23rd day of May, 2017.

                                        _____
                                        TIMOTHY J. CAVAN
                                        United States Magistrate Judge